PER CURIAM.
Appellant, Allegheny Mutual Casualty Company, was the surety; the defendant, Joel Phillip Landsman, was arrested on December 13, 1976 and the appellant executed his bond in the sum of $1,000.00. Defendant was placed in a deferred prosecution program until September 15,1977. On September 29, 1977 the state filed an information on the original charges and required the defendant’s appearance for October 7, 1977; however, the defendant failed to appear, and on December 28, 1977 judgment of estreature was entered. The surety moved to vacate the judgment of estrea-ture, the motion was denied, and this appeal ensued.
Section 903.26(l)(a) states that no bond shall be forfeited unless the information, indictment, or affidavit was filed within six months from the date of the arrest. See, 1963 Op.Att’y Gen.Fla. 063-151 (December 6,1963), wherein the Attorney General stated with reference to the cited statute, at 228:
“[SJaid statutory provision prescribes, as an essential prerequisite to the forfeiture of a bail bond, that an information or indictment be filed within 6 months from the date of the arrest of the defendant posting such bond. When no indictment or information is filed within six months from the date of the arrest of the defendant, I consider that the court has no authority to order the defendant’s bail bond forfeited; and that since the obligation of such bail bond cannot be enforced by forfeiting the bond, the condition of the bond is satisfied within the contemplation of 903.31 F.S., which authorizes the making of an order cancelling a bail bond when its condition has been satisfied.”
The six month time period referred to in the applicable statute is not tolled during the deferred prosecution program.
Accordingly, this cause is reversed and remanded to the trial court with directions to vacate the judgment of estreature.
Reversed and remanded with directions.